Torrance L. Coburn
TIPP COBURN LOCKWOOD PC
2200 Brooks Street
P.O. Box 3778
Missoula, MT 59806-3778
Telephone: (406) 549-5186
torrance@tippcoburn.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LACY NICKOL,<br><br>Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, d/b/a ZURICH N.A.,<br><br>Defendant. | Cause No. CV-24-92-GF-JTJ<br><br>COMPLAINT and<br>DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, Lacy Nickol ("Nickol"), and for her Complaint against the Defendant, states and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e et seq.), and the Montana Human Rights Act (Mon. Code Ann. § 49-2-303 et seq.). This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because some of the claims arise under the laws of the United States.

2. This Court also has supplemental jurisdiction over Nickol's state law claims pursuant to 28 U.S.C. § 1367, because the state law claims are part of the same case and controversy as the federal claims

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. The Plaintiff, Lacy Nickol, is currently a resident of the State of Montana, Toole County. At all times pertinent to this Complaint, Nickol was a resident of the State of Montana, Toole County, working remotely for the Defendant from her residence in Toole County, Montana.

5. Nickol is Native American, descending from the Confederated Salish and Kootenai Tribes.

6. The Defendant, Zurich American Insurance Company, d/b/a Zurich N.A. ("Zurich") is a New York corporation with its principal office address located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007. Defendant has conducted and currently conducts business in Montana, and is authorized to do the same. Defendant's registered agent is Corporation Service Company, 26 W. Sixth Ave., Helena, MT 59624-1691.

7. At all times pertinent to this Complaint, the Defendant employed fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

## GENERAL ALLEGATIONS

8. Nickol was employed with the Defendant from October 4, 2021 until October 10, 2023.

9. During the course of her employment with the Defendant, Nickol was employed as a Crop Claims Care Center Manager.

10. During the course of her employment with the Defendant, Nickol worked remotely from her residence in Toole County, Montana.

11. During the course of her employment with the Defendant, Nickol satisfactorily performed the duties of her position, and she was not a disruption to the Defendant's business operations.

12. In or around January 2023, Nickol began participating in the Defendant's Employee Resource Group – Zurich Indigenous Peoples of the America.

13. In or around late June 2023, Nickol met with her supervisor Elizabeth Allison for Nickol's mid-year performance review. Nickol's mid-year performance review provided by Allison and the Defendant was positive.

14. Furthermore, the mid-year performance review did not note any work deficiencies or otherwise set forth issues with Nickol's job performance.

15. During Nickol's mid-year performance review, Nickol disclosed to Allison that she had joined the Defendant's Employee Resource Group – Zurich's

Indigenous Peoples of the Americas, explaining to Allison that she was a descendant of the Confederated Salish and Kootenai Tribes.

16. Prior to Nickol disclosing to Allison that she was a descendant of the Confederated Salish and Kootenai Tribes and was participating in the Defendant's Employee Resource Group – Zurich's Indigenous Peoples of the Americas, neither Allison nor the Defendant had indicated that there were any issues with Nickol's performance of her job duties, nor had either noted deficiencies in Nickol's job performance.

17. Following Nickol's mid-year performance review and her disclosure to Allison that she was a descendant of the Confederated Salish and Kootenai Tribes America, Allison engaged in heightened scrutiny of Nickol and began criticizing Nickol's job performance.

18. Prior to Nickol disclosing to Allison that she was a descendant of the Confederated Salish and Kootenai Tribes, Allison had not engaged in this heightened scrutiny of Nickol's job performance, nor had Allison criticized her job performance.

19. Allison's and the Defendant's heightened scrutiny and criticism of Nickol's job performance was unwarranted and unfounded.

20. Other similarly situated employees of the Defendant outside of Nickol's race were not subjected to this same criticism despite engaging in the same or similar actions.

21. Furthermore, Nickol received more criticism from Allison than employees outside of Nickol's race.

22. The Defendant's unwarranted and unfounded criticisms culminated in a formal reprimand that the Defendant issued to Nickol on or around August 25, 2023 for alleged inadequacies in Nickol's job performance. This formal reprimand issued to Nickol was unwarranted. Furthermore, similarly situated employee(s) of the Defendant outside of Nickol's race were not issued a formal reprimand despite engaging in the same actions that led to Nickol's reprimand.

23. On or around September 15, 2023, Nickol filed an Ethics Complaint with the Defendant concerning Allison's biased and discriminatory treatment of Nickol as alleged above. Within this Ethics Complaint, Nickol alleged that Allison was treating her differently and subjecting her to discipline due to Nickol's race.

24. On October 4, 2023, the Defendant reported its findings concerning Nickol's Ethics Complaint. That same day, Allison scheduled a meeting with Nickol for October 10, 2023.

25. On October 10, 2023, the Defendant – via its supervisor Allison – terminated Nickol's employment.

26. During the course of her employment with the Defendant, Nickol performed the duties associated with her employment in a reasonable and satisfactory manner. Moreover, good cause did not exist to terminate Nickol's employment.

27. Nickol timely filed her complaint alleging discrimination with the EEOC and the Montana Human Rights Bureau.

28. The Montana Human Rights Commission issued its Final Agency Decision on July 23, 2024.

29. Nickol's Complaint has been timely filed with this Court.

**COUNT ONE – RACE-BASED DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

30. Plaintiff Nickol realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

31. The above-described discriminatory acts committed by the Defendant against Nickol, including but not limited to the issuing of a formal reprimand and Nickol's termination, constitute illegal discrimination in violation of Title VII of the Civil Rights Act, as amended (42 U.S.C. § 2000e et seq.).

32. As a result of the Defendant's discrimination against Nickol because of her race, Nickol suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

33. The Defendant's above-described violation of Title VII of the Civil Rights Act was intentional and was done with malice and/or reckless indifference towards Nickol's rights and the injuries she suffered as a result. Therefore, the Defendant is liable to Nickol for punitive damages.

### COUNT TWO – RACE-BASED DISCRIMINATION IN VIOLATION OF THE MONTANA HUMAN RIGHTS ACT

34. Plaintiff Nickol realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

35. The above-described discriminatory acts committed by the Defendant against Nickol, including but not limited to the issuing of a formal reprimand and Nickol's termination, constitute illegal discrimination in violation of the Montana Human Rights Act.

36. As a result of the Defendant's discrimination against Nickol because of her race, Nickol suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

### COUNT THREE – RETALIATORY TERMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

37. Plaintiff Nickol realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

38. Despite the fact that Nickol was qualified for her position as Crop Claims Care Center Manager and performed the duties of her position in a

reasonable and satisfactory manner, the Defendant terminated Nickol's employment.

39. The Defendant's above-referenced termination of Nickol's employment was in retaliation for Nickol engaging in a protected activity as contemplated by 42 U.S.C. § 2000e-3, in violation of Title VII of the Civil Rights Act, as amended.

40. As a result of the Defendant's illegal discrimination against Nickol, Nickol suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

41. The Defendant's above-described violation of Title VII of the Civil Rights Act was done with malice and/or reckless indifference towards Nickol's rights and the injuries she suffered as a result.  Therefore, the Defendant is liable to Nickol for punitive damages.

**COUNT FOUR – RETALIATORY TERMINATION IN VIOLATION OF THE MONTANA HUMAN RIGHTS ACT**

42. Plaintiff Nickol realleges, and incorporates by reference, all preceding allegations, as if fully set forth here.

43. By terminating Nickol's employment because she engaged in a protected activity, the Defendant engaged in illegal discrimination in violation of the Montana Human Rights Act.

44.     As a result of the Defendant's illegal discrimination against Nickol, Nickol suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

WHEREFORE, Plaintiff Lacy Nickol requests that this Court:

A. Issue judgment declaring that the Defendant's acts, policies, practices and procedures complained of above violated the Plaintiff's rights secured under both Title VII of the Civil Rights Act, as amended, and the Montana Human Rights Act;

B. Grant the Plaintiff a permanent injunction enjoining the Defendant from engaging in any employment policy or practice that discriminates on the basis of race and/or in retaliation for engaging in protected activities, or is otherwise in violation of Title VII of the Civil Rights Act, as amended and/or the Montana Human Rights Act;

C. Order the Defendant to make the Plaintiff whole by providing appropriate back pay and reimbursement for lost pension, Social Security, Unemployment Compensation, experience, training opportunities, and other benefits in an amount to be shown at trial, and other affirmative relief including, but not limited to, front pay, reinstatement or reconsideration by the Defendant for employment opportunity;

D. Order the Defendant to compensate the Plaintiff for all general and special damages suffered by Plaintiff as a result of the Defendant's actions as alleged above;

E. For punitive damages, in an amount to be set by the jury, for the Defendant's actions as alleged above, which were committed with actual malice;

F. Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law and require the Defendant to file any reports that the Court deems necessary to evaluate compliance;

G. For Plaintiff's costs and attorneys' fees incurred herein;

H. For such and other relief as may be determined just and equitable by this Court and in compliance with the laws of the United States of America and the State of Montana.

DATED this 18th day of October, 2024.

TIPP COBURN LOCKWOOD PC

By: */s/ Torrance L. Coburn*
Torrance L. Coburn
P.O. Box 3778
Missoula, MT 59806-3778
*Attorneys for Plaintiff*

//
//
//
//

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, by and through her attorneys, and demands a jury trial on all issues of fact in the above case.

DATED this 18th day of October, 2024.

        TIPP COBURN LOCKWOOD PC

        By: */s/ Torrance L. Coburn*
        Torrance L. Coburn
        P.O. Box 3778
        Missoula, MT 59806-3778
        *Attorneys for Plaintiff*